1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSEPH NUNEZ and EDWARD NUNEZ, | ) | Case No.: 11-CV-04842-LHK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER ISSUING WARRANT FOR THE |
| | ) | ARREST OF THE F/V VENGEANCE |
| F/V VENGEANCE; BENNIE FERRANTE; and | ) | |
| DOES 1-100, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Joseph and Edward Nunez come to Court seeking Vengeance.  On September 30, 2011, Plaintiffs Joseph and Edward Nunez's (Plaintiffs) filed a verified complaint seeking an arrest warrant for the fishing vessel Vengence.  On November 17, 2008, Plaintiffs loaned Benedict A. Ferrante $60,000 in exchange for a promise to repay and a mortgage executed on Ferrante's fishing vessel Vengeance and its Transferrable Market Squid Light Boat Permit (TMSLBP).  *See* Compl. at 2; *see also* Joseph Nunez Decl. ¶ 2, Ex. A (the mortgage note).  The Plaintiffs further allege that on January 1, 2011, Ferrante defaulted on the loan, and that they foreclosed the mortgage on January 18, 2011.  Plaintiffs delivered the Coast Guard documentation of the foreclosure to Ferrante on January 21, 2011.  Joseph Nunez Decl. ¶¶ 5, 7.  Plaintiffs allege that Ferrante is aware of the foreclosure because he sent a protest letter disputing it in March 2011.  On September 28, 2011, Ferrante moved Vengeance to a boat slip in Monterey Harbor, Monterey, CA with the stated intention of "making some repairs" and then "heading south."  *See* Compl. ¶¶ 2-3.

1

Under Federal Rule of Civil Procedure, Supplemental Rule for Certain Admiralty and Maritime Claims C an action *in rem* may be brought to enforce any maritime lien such as a mortgage.  *See* Fed. R. Civ. Proc., Suppl. R. C(1).  Such a complaint must be verified, describe with reasonable particularity the property that is the subject of the action, and state that the property is within the district or will be within the district while the action is pending.[1]  *See id.* C(2).  Before issuing an arrest warrant, the Court must review the complaint and any supporting papers and if the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action. *Id.* C(3)(a)(i).  The Advisory Committee Note on the *Amendments to Rules*, 105 F.R.D. 179, 233 (1985), contemplates "a simple order with conclusory findings" determining whether the plaintiff has made a *prima facie* showing that the action *in rem* is warranted.

Plaintiffs have adequately alleged the conditions for an *in rem* action with regard to the boat, and have provided the mortgage agreement, a verified complaint, and Joseph Nunez's sworn declaration that the F/V Vengeance was properly foreclosed upon.  Moreover, Plaintiffs have stated that the F/V Vengence is currently within this district in a boat slip in Monterey Harbor.  Plaintiffs further allege that the TMSLPB is an appurtenance of the Vengeance.  The Court agrees, in accord with *Gowen, Inc. v. F/V Quality One*, 244 F.3d 64 (1st Cir. 2001).

Thus, the Court hereby GRANTS Plaintiffs' Ex Parte Application for an Order Issuing Warrant for the Arrest of the F/V Vengeance, and ISSUES A WARRANT for the ARREST of the F/V Vengeance, Official Number 570025.

**IT IS SO ORDERED.**

Dated: September 30, 2011

_____
LUCY H. KOH
United States District Judge

---

[1] No advance notice to the boat owner is required to issue this arrest warrant.  *See Polar Shipping, Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 637-38 (9th Cir. 1982).

Case No.: 11-CV-04842-LHK
ORDER ISSUING WARRANT FOR THE ARREST OF THE F/V VENGEANCE

**United States District Court**
For the Northern District of California